**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**LEONARD LUTON,**
**Petitioner,**

**v.** **Case No. 26-C-726**

**SHERIFF DALE J. SCHMIDT and**
**SAMUEL OLSON,**
**Respondent.**

---

## ORDER

On April 27, 2026, I received a petition for a writ of habeas corpus under 28 U.S.C. § 2241 from Leonard Luton. The petition indicates that Luton, a Jamaican national, is currently detained by Immigration and Customs Enforcement ("ICE") at the Dodge County Detention Facility. He received a final order of removal on March 13, 2026. Luton alleges violations of the Fifth Amendment's Due Process Clause in relation to his immigration proceedings. Luton has also filed several other motions. I resolve these below.

### I. BACKGROUND

According to the evidence petitioner filed, he is a Jamaican national admitted to the United States as a lawful permanent resident. ECF No. 1-1 at 4. Petitioner most recently entered the United States on May 29, 2015 on an F-11 visa as the unmarried son of a U.S. citizen over the age of 21. *Id.* Petitioner admits that he was convicted in 2020 on one count of conspiracy to commit mail fraud and eight counts of aiding and abetting mail fraud in the United States District Court for the District of Colorado. ECF No. 1 at 5. These were violations of 18 U.S.C. §§ 1341, 1342, and 1349. *United States v. Luton*, Case No. 21-1285, 2022 WL 2764202, at *1 (10th Cir. July 15, 2022). Petitioner

was sentenced to 108 months of incarceration and ordered to pay restitution of more than $800,000. ECF No. 1-1 at 4. The court found that petitioner's victims were defrauded of nearly one million dollars. *Luton*, 2022 WL 2764202, at *2. After he finished serving his sentence, petitioner was taken into ICE Custody pursuant to an immigration detainer. ECF No. 1-1 at 4.

## II. SCREENING

Section 2243 of Title 28 of the United States Code states as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

Although plaintiff states he has six grounds for relief, almost all of them allege violations of his Fifth Amendment Due Process Rights. Specifically, he alleges that he was given insufficient notices of his Convention Against Torture Merits Trial and was not able to present his evidence (Ground II), he was not provided with his "I-213 form" (the Record of a Deportable/Inadmissible Alien) prior to the hearing (Ground III), the immigration judge "did not adjudicate the threshold issue of removability" (Ground IV), and the immigration judge did not "develop the record" by "summarily blocking a [Convention Against Torture] hearing" at one of his hearings (Ground VI).

"The Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Pronsivakulchai v. Gonzales*, 461 F.3d 903, 907 (7th Cir. 2006) (citing *Reno v. Flores,* 507 U.S. 292, 306 (1993)). However, this is ultimately a challenge to his final removal order over which courts generally do not have jurisdiction. 8 U.S.C. § 1252(a)(2)(C) (divesting courts of jurisdiction to review final orders of removal for

individuals removable by reason of having committed a criminal offense). Constitutional violations may be reviewed, but only by *appellate* courts, not district courts. § 1252(a)(2)(D), (b)(2). Therefore, I have no jurisdiction to review these issues and petitioner may not proceed on them.[1]

Petitioner also alleges he was arrested with a "stale" 101-day-old field warrant, violating the Castañon-Nava Consent Decree and his Fourth Amendment rights (Ground I). But the Seventh Circuit recently opined that "the Consent Decree does not cover those arrested pursuant to a warrant, defective or otherwise." *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, --- F.4th ---, 2026 WL 1223250 at *6 (7th Cir. May 5, 2026). Therefore, even assuming this claim is generally cognizable, he cannot proceed on this ground.

Finally, petitioner claims he has been unlawfully detained without bail since October of 2025 (Ground V). This is so because he "contest[s]" that he is removable pursuant to an aggravated felony. ECF No. 1 at 14. Under the Immigration and Nationality Act ("INA"), "[a]ny alien . . . in and admitted to the United States" is "deportable" if he or she is "convicted of an aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines an "aggravated felony" as "an offense that—involves fraud or deceit in which the loss to the victim or victims exceeds $10,000." 8 U.S.C. § 1101(a)(43)(M)(i). Petitioner readily admits—and public records reflect—that he was convicted on one count of conspiracy to commit mail fraud and eight counts of aiding and abetting mail fraud. Because these convictions obviously constitute "fraud or deceit" and the victims were defrauded of nearly one million dollars, he is "deportable." Moreover, because his pending removal is

[1] According to petitioner, the final order of removal was issued on March 13, 2026. Therefore, it appears that the Seventh Circuit Court of Appeals would also lack jurisdiction because this case was filed on April 27, 2026, more than 30 days after the final order of removal was issued. *See* 8 U.S.C. § 1252(b)(1).

pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B).

It appears that he is "contesting" the aggravated felony based on his allegation that the immigration judge did not adjudicate his removability "by 'assuring' the aggravated felony without a legal finding." ECF No. 1 at 14. To the extent this is effectively challenging the due process of the proceedings, I have already explained that I cannot review the issue. Similarly, if petitioner is challenging whether the immigration judge followed administrative processes and procedures, this is not cognizable in federal habeas corpus actions. Finally, the law is clear that his pending removal is pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and therefore he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B). It is unclear what, precisely, petitioner expected the immigration judge to "do" or "find," but in any case, it is clear his rights were not violated.

In conclusion, it "appears from the application" that petitioner is not entitled to relief on any grounds. Some of these grounds are not cognizable in federal courts. However, most of what petitioner complains of amounts to a Fifth Amendment Due Process violation challenging the final removal order, which can only be reviewed by an appellate court. Accordingly, I must dismiss the entire petition.

## III. OTHER MOTIONS

Petitioner has also brought a motion for leave to proceed without prepayment of the filing fee (*in forma pauperis*). However, the docket indicates that petitioner submitted the full $5 filing fee on April 30, 2026. Therefore, I will deny this motion as moot.

Lastly, petitioner filed motions to appoint counsel, for a temporary restraining order, and for a stay of removal. Having concluded that his petition must be dismissed in its entirety, these motions are all moot. I will therefore deny them.

## IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED**. To the extent that I am required to decide whether petitioner is entitled to a certificate of appealability, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

**IT IS FURTHER ORDERED** that petitioner's remaining motions (ECF Nos. 4, 5, 6, & 7) are **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin this 15th day of May, 2026.

/s/Lynn Adelman
LYNN ADELMAN
District Judge